| | | | |
|---|---|---|---|
| Case No. | EDCV 17-00829-BRO (JDE) | Date | May 18, 2017 |
| Title | Deron Williams v. Cynthia Entzel, Warden | | |

**Present: The Honorable**  John D. Early

| Ivette Gomez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings: (In Chambers)**   Order to Show Cause Why Case Should Not Be Dismissed

## I.
## INTRODUCTION

On April 28, 2017, Petitioner, a federal prisoner currently housed at the Victorville II Federal Correctional Institution in Adelanto, California, proceeding pro se and seeking to proceed in forma pauperis, filed a Petition for Writ of Habeas Corpus By a Person in Federal Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner asserts that, while an inmate at the Mendota Federal Correctional Institution ("the Prison") he was denied proper access to the administrative remedy program in accordance with U.S. Bureau of Prisons ("BOP") Program Statement 541.8 to appeal Incident Report No. 2923605 ("the Incident Report"). The sole remedy sought by Petitioner is that "this Incident Report be expunged" from his BOP files.

## II.
## SUMMARY OF ALLEGATIONS IN THE PETITION

The Petition challenges a November 30, 2016 decision rendered pursuant to the Incident Report which relates to an alleged infraction for "[a]ssaulting any person with minor injury." Pet. at 3. Specifically, Petitioner alleges that the BOP did not provide him with "the written sanctions in order to appeal the Incident Report through the Administrative Process." Id. at 7. Petitioner further alleges that the Hearing Officer "did not provide m[e] with, nor did he place into my Central File a certified copy of the DHO Hearing findings … as required by [BOP] Policy Statement 541.8," referencing an Exhibit which is not included with the Petition. Id. at 8. Petitioner asserts that these actions constitute "a violation of my Due Process rights and hinders my access to courts." Id. at 7. Petitioner seeks a single remedy: the expungement of the Incident Report.

## III.
## DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-00829-BRO (JDE) | Date | May 18, 2017 |
|---|---|---|---|
| Title | Deron Williams v. Cynthia Entzel, Warden | | |

"According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484–86 (1973)). Habeas corpus is not available to challenge an inmate's conditions of confinement unless the conditions impact the legality or duration of the confinement. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (explaining that "a prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole") (internal citations and quotations omitted); see also Greenhill v. Lappin, 376 Fed. App'x 757, 758 (9th Cir. 2010) (federal prisoner's claim that prison officials retaliated against him by mishandling his legal mail not cognizable in habeas corpus).

"[H]abeas jurisdiction is absent, and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten a prisoner's sentence." Ramirez, 334 F.3d at 859; see also Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or Bivens[ v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 (1971)]. . . . not through federal habeas proceedings.").

Further, "a habeas claim cannot be sustained based solely on the [Bureau's] purported violation of its own program statement because noncompliance with a [Bureau] program statement is not a violation of federal law." Velasquez v. Benov, 518 Fed. App'x 555, 555–56 (9th Cir. 2013) (quoting Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011)).

In addition, several courts have concluded that to establish a denial of due process of law, prejudice is generally required. See Brecht v. Abrahamson, 507 U.S. 619, 637, (1993) (proceeding pursuant to 28 U.S.C. § 2254); see also Tien v. Sisto, 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) (recognizing that while neither the Supreme Court nor the Ninth Circuit has spoken on the issue, numerous federal Courts of Appeals, and district courts within the Ninth Circuit, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding, citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir.2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir.2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir.2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir.1992); Poon v. Carey, 2008 WL 5381964, at *5 (E.D.Cal. Dec.22, 2008); and Gonzalez v. Clark, 2008 WL 4601495, at *4 (E.D.Cal. Oct.15, 2008)); see also Smith v. U.S. Parole Comm'n, 875 F.2d 1361, 1368–69 (9th Cir.1988) (holding in a § 2241 proceeding that a prisoner, who challenged the government's delayed compliance with a procedural regulation that required counsel to be appointed before a record review in parole revocation proceedings, was required to demonstrate prejudice to be entitled to habeas relief); Standlee v. Rhay, 557 F.2d 1303, 1307–08 (9th Cir.1977) (stating that burden is on a parolee to demonstrate that failure to permit a witness's live testimony at a revocation hearing was so prejudicial as to violate due process).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 17-00829-BRO (JDE) | Date | May 18, 2017 |
|---|---|---|---|
| Title | Deron Williams v. Cynthia Entzel, Warden | | |

In the present case, the sole basis for the Petition does not, on its face, attack the legality or duration of Petitioner's confinement. In fact, the Petition does not make reference to any impact on Petitioner's confinement. Pet. at 7-8. As a result, habeas jurisdiction is absent on the face of the Petition.

Further, the Petitioner does not allege any prejudice, that is, negative consequences directly affecting Petitioner, allegedly caused by the alleged violation of BOP policy. The only arguable negative impact alleged – the claim that Petitioner was denied access to appeal "through the Administrative Process" (Pet. at 7) – is contradicted by the Petition's claims that Petitioner did in fact pursue two appeals – one to the BOP Western Regional Office and one to the BOP Central Office. Pet. at 3, 4.

## IV.
## ORDER

IT THEREFORE IS ORDERED that, **on or before June 17, 2017,** Petitioner show cause in writing, if he has any, why this action should not be dismissed without prejudice for: (1) failing to attack the legality or duration of Petitioner's confinement; and (2) failing to allege any prejudice, that is, negative consequences, caused by the alleged violation of BOP Policy.

Instead of filing a written response to the matters addressed in this Order, Petitioner may voluntarily dismiss the action by filing a Notice of Dismissal form pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Clerk is directed to provide Petitioner with a blank Notice of Dismissal Form (CV-009) and a blank Central District Civil Rights Complaint Form (CV-66).

**The Court warns Petitioner that failure to timely file a response to this Order may result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b)

| | Initials of Courtroom Deputy | ig |
|---|---|---|